UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PASZ AUF TRAINING FILMS, INC., ) | | |
| Plaintiff, ) | COMPLAINT | **07 CV 7021** |
| ) | | |
| v. ) | | |
| ) | JURY TRIAL | |
| MANUEL PARRISH, ) | DEMANDED | |
| Defendants. ) | | |
| ) | | |

## COMPLAINT

Plaintiffs, Pasz Auf Training Films, Inc., ("PASZ" or "Plaintiff"), by and through their attorneys allege as follows:

## THE PARTIES

1. Plaintiff, Pasz Auf Training Films, Inc. is a corporation with a place of business at 9450-B Mire Mesa Blvd, PMB 206, San Diego, CA 92126.

2. Defendant, Manuel Parrish, is an individual with an address at 2152 73rd Street, Brooklyn, NY 11204.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. Plaintiff and the Defendant are citizens of different states. The amount in controversy is in excess of $75,000.00.

4. On information and belief, Defendants actively target the New York market and consumers.

5. On information and belief, Defendant distributes video content in the State of New York.

6. On information and belief, Defendants conduct substantial business in New York.

7. On information and belief, Defendants are subject to the jurisdiction of this Court, and venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL BACKGROUND

8. Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 through 7 as though fully set forth herein.

9. On October 25, 2005, the Plaintiff and the Defendant entered into an agreement ("Agreement") in which the Plaintiff purchased the rights to digital images, digital footage and associated jpg files (collectively referred to hereinafter as "Purchased Content").

10. By the terms of the Agreement, Plaintiff agreed to pay the Defendant $2500 for the for Purchased Content and Defendants agreed to "have relinquished all claims and rights and any royalties derived from income generated by this material and wholly agrees not to sell, distribute, manufacture, trade or assign copies of the aforementioned material (in any form) to any other party, without expressed written consent or license from PATF [Plaintiff] directly" as set out in the "Ownership Rights" section of the agreement attached hereto as Exhibit A.

11. By the terms of the Agreement, Plaintiff agreed to pay Defendant the sum of two thousand five hundred dollars (U.S. $2,500.00).

12. Plaintiff has performed their obligations under the Agreement.

13. Plaintiff relied on Defendants to perform their obligations under the Agreement.

14. Despite agreeing not to, Defendants continue to have the use, benefit, and enjoyment of the Purchased Content and sell the Purchased Content on his website www.realstuds.com and other websites.

15. Defendants own the website www.realstuds.com as shown and attached hereto as Exhibit B.

16. Plaintiff has spent large sums of money on editing and mastering DVD's, printing DVD sleeves, advertising and promotion.

17. Defendant undercuts Plaintiffs ability to sell the Purchased Content by directly competing with him and selling the same content, despite contractually agreeing not to do so.

18. Defendants have earned profits from the use of the Purchased Content.

19. Defendants continue to gain substantial profits from the use of the Purchased Content.

20. Plaintiffs have no adequate remedy at law.

## COUNT I - BREACH OF CONTRACT

21. Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 through 20 as though fully set forth herein.

22. The actions and omissions committed by the Defendants as aforesaid, including, but not limited to, violating the provision that states [defendant] "wholly agrees not to sell, distribute, manufacture, trade or assign copies of the aforementioned material (in any form) to any other party, without expressed written consent or license from PATF [Plaintiff] directly."

23. Plaintiffs have been deprived of the benefit of their bargain due to Defendants' breach of contract and have sustained substantial damages as a result of such breach.

## COUNT II - UNJUST ENRICHMENT

24. Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 through 23 as though fully set forth herein.

25. Defendant has obtained substantial benefits from Plaintiff's Purchased Content.

26. Defendant has derived substantial gain from the use of the Purchased Content owned by Plaintiff and Defendant has been unjustly enriched. It would be unjust, in equity and good conscience, to permit defendants to refuse to make any restitution to the plaintiff.

## COUNT III - BREACH OF FIDUCIARY DUTY

27. Plaintiffs repeat each and every allegation set forth herein in paragraphs 1 through 26 as though fully set forth herein.

28. Defendants owed Plaintiffs certain fiduciary duties, including, but not limited to, a duty of loyalty.

29. The actions committed by the Defendants as aforesaid, including, but not limited to, failing to protect Plaintiff's property interest and rights, constitute a violation of Defendants' duties.

30. The actions and omissions committed by Defendants have substantially damaged Plaintiffs.

**WHEREFORE**, Plaintiffs pray that:

A.  Defendants, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as a preliminary injunction and permanently thereafter from:

  1.  Using in any way or form Plaintiffs' Purchased Content.

B.  Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to remove and destroy any purchased content, DVD's, promotional materials, advertisement posters and such that bear Plaintiffs' Purchased Content;

C.  Plaintiffs recover the Defendants' profits, as well as the damages sustained by Plaintiffs due to Defendant's actions, such amount of profits and damages to be trebled.

D.  Defendants be required to file with the Court and serve upon Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction.

E.  Awarding Plaintiffs such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

F.  Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements.

G.  Plaintiffs to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues properly trial by jury in this action.

Date: August 1, 2007                             Respectfully Submitted,

_____
Jennifer Meredith (JM-4816)
Dariush Keyhani (DK-4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098
(212) 202-3819 Facsimile
Attorneys for Plaintiffs