UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/08

PASZ AUF TRAINING FILMS, INC., )
       Plaintiff, )
        )
        )   07 CV 7021 (PKL)
v. )
        )
MANUEL PARRISH, )
       Defendant. )

## AGREED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of the above-captioned litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorney Eyes Only" by any of the supplying or receiving parties subject to this Order, whether it be a document (as defined in Rule 34 of the Federal Rules of Civil Procedure), information contained in a document, or information revealed during a deposition or pursuant to other discovery or proceedings in this litigation. In designating information as "Confidential" or "Attorney Eyes Only" a party will make such designation only as to that information that it in good faith believes contains confidential information that cannot be disclosed to the public. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

"Attorney Eyes Only" shall refer to any Classified Information access to which is restricted to the parties' Attorney as specified below in paragraph 3(a). In designating information as "Attorney Eyes Only" a party will make such designation only as to that information that it in good faith believes contains highly sensitive technical, financial, sales, competitive, or other proprietary information, including but not limited to source codes or specifications, sales and licensing agreements, and sales and marketing reports.

3. "Qualified Persons," as used herein means:

(a) Attorney for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation. Such Attorney shall be limited to law firms that are Attorney and who have made, or make, a formal appearance in this litigation

(b) Actual or potential independent experts who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "Attorney Eyes Only" information to such persons or consulting experts, and who have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be retained by the attorney retaining such person). Written notice of the designation of an expert shall be provided to all counsel at least fourteen (14) days before the transmittal of any Classified Information to that expert. This notice shall include a brief statement describing any prior or existing relationships which the expert may have with any of the parties to this litigation. Within seven (7) days of receipt of such notice, any party may object to the designation of such expert, and the parties involved shall make a good faith effort to resolve any objections by the end of the initial fourteen (14) day period. If at the end of the period no resolution has been reached, the designating party may move the

Court for an order designating the expert as a recipient of Classified Information. No Classified Information may be transmitted to the proposed expert until the Court has ruled upon the motion;

(c) The party or party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be filed with the Clerk of this Court by the party designating such person);

(d) Representatives of third parties to this litigation who shall be designated in writing by a party to this litigation prior to any disclosure of Confidential Information to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be filed with the Clerk of this Court by the party designating such person); and

(e) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court.

4. Documents and information produced in this action may be designated by any party, parties or third party as "Confidential" or "Attorney Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorney Eyes Only." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the

3

purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Attorney Eyes Only" by indicating on the record at the deposition that the testimony is "Confidential" or "Attorney Eyes Only" information and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Attorney Eyes Only" by notifying all of the parties in writing within thirty (30) days of its receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorney Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts and information disclosed therein shall be treated as "Attorney Eyes Only" for thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorney Eyes Only," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" or "Attorney Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6.  (a) "Confidential" information shall not be disclosed or made available by the supplying or receiving party to persons other than Qualified Persons set forth in paragraph 3 above. Information designated as "Attorney Eyes Only" information shall be restricted in circulation to Qualified Persons as described in paragraphs 3(a) and (b) above.

(b) Copies of "Attorney Eyes Only" information provided to a receiving party shall be maintained in the offices of Attorney for Plaintiff(s) and Defendant(s). Any documents or information produced in this litigation, regardless of classification, which are provided to

4

Qualified Persons as defined in Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents or information. Copies of documents or information produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's Attorney as set forth in paragraph 3(a) above shall maintain a log of all copies of "Confidential" or "Attorney Eyes Only" documents which are delivered to any one or more Qualified Person as described in paragraph 3 above.

7. Electronic information shall be produced in machine readable form to any party who is not a commercial competitor of the designating party. If the receiving party installs such code on a computer, that computer must be kept secure by the receiving party and all persons who access such computer must be designated 14 days in advance. No copies of software loaded on such computer may be made without the express written permission of the designating party under terms to be separately agreed upon. The computer upon which a receiving party loads the software or electronic information may also include the installation of analytical software by the pre-approved individual inspecting the materials, but should also include measures reasonably necessary to prevent the copying of all or any portion of such Attorney Eye's Only Information, including without limitation (1) preventing the computer from writing to CD-ROM, DVD or other removable storage media, and (2) preventing the computer from transferring such Attorney Eye's Only Information across a network.

8. Documents or information produced or transmitted between the parties in this litigation prior to the entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the

5

entry of this Order. Documents or information unintentionally produced without designation as "Confidential" or "Attorney Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Attorney Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorney Eyes Only" by the producing party.

The inadvertent or unintentional disclosure of any privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting claim of protection or privilege informs opposing parties of its claim within a reasonable time after learning of the disclosure.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Attorney Eyes Only" consents to such disclosure, or, if the Court orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorney Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorney Eyes Only" information, irrespective of which party produced such information. Nor shall it be a violation of this Order for a party to disclose a Classified Information document to a person or entity who is an author or holder (prior to the onset of this litigation) of such document.

6

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorney Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorney Eyes Only," or the designation of any person as a Qualified Person (with the exception of a proposed expert, objections to whom shall be resolved as described above in paragraph 3(b)), the objecting party shall provide written notice to the designating party. The parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If after fourteen (14) days of informal efforts to resolve the disagreement no resolution has been reached, the party objecting to the designation may move the Court for an order re-designating the document or information as one or none of the above listed two types of Classified Information (or an order re-designating the person as one or none of the above types of Qualified Person). With respect to documents or information, such document or information shall remain as originally designated by the designating party until the Court has ruled upon the motion. With respect to an objection to a person as a Qualified Person, such person shall not receive Classified Information during the pendency of the objection and motion.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

11. Nothing shall be designated as "Confidential" or "Attorney Eyes Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to

7

So Ordered:

Date: 1/28/08

The Hon. Peter K. Leisure
United States District Judge

So Stipulated:

Date: January 26, 2007    By:

Jennifer Meredith
Meredith & Keyhani, PLLC
Attorneys for Plaintiff
330 Madison Avenue
6th Floor
New York, New York 10017
(212) 760-0098

Date: January 27, 2007    By:

Ravi Ivan Sharma
Law Offices of Ravi Ivan Sharma
Attorney for Defendant
404 Park Avenue South
14th Floor
New York, NY 10016-8412

11