Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819
Attorneys for Plaintiff

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PASZ AUF TRAINING FILMS, INC., )
          Plaintiff, )
           )    07 CV 7021 (PKL)
v. )
           )    JURY TRIAL
MANUEL PARRISH, )    DEMANDED
          Defendants. )
_____ )

## STIPULATION OF SETTLEMENT AND RELEASE
## AND JUDGMENT

1.    Plaintiff, Pasz Auf Training Films, Inc. ("Pasz") is a California Corporation with an address at 1010 University Avenue, #1589, San Diego, CA 92103.

2.    Defendant Manuel Parrish ("Parrish") is an individual with an address at 2152 73rd Street, Brooklyn, NY 11204.

3.    On August 6, 2007, Pasz commenced a civil action in the United States District Court for the Southern District of New York, Index No. 07 CV 7021 (PKL) ("the Federal Action"). The Federal Action is presently assigned to the Honorable Judge Peter K. Leisure.

4. On November 15, 2007, Pasz filed an amended complaint alleging breach of contract, unjust enrichment, breach of fiduciary duty and copyright infringement.

## TERMS

5. This Agreement does not constitute an admission by any party of liability or responsibility to the other. It is acknowledged that that each party's promises, covenants, and releases set forth herein is in consideration of this Agreement and is given for the purpose of avoiding the costs and expenses of legal proceedings.

6. Parrish, affiliates, successors, agents and assigns will immediately completely cease and desist forever from using, printing, displaying and/or selling the "Renzi Footage" (also referred to as Purchased Content in the Amended Complaint).

7. For and in consideration of the mutual promises, covenants, and releases set forth herein, Pasz and Baumer do hereby for themselves, and for each of their predecessors, successors, past and present assigns, officers, directors, shareholders, employees, attorneys, agents, subsidiaries, parent companies, affiliates, accountants, spouses, heirs and representatives, if any, release and absolutely discharge Parrish and his respective employees, predecessors, successors in interest, attorneys, agents, assigns, subsidiaries, parent companies, affiliates, accountants and representatives, and each of them, (the "Released Parrish Parties") from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, accounts, accountings, reckonings, costs, and expenses (including, but not limited to, attorneys' fees and costs), damages, liens, judgments, actions and causes of action, of every kind and nature whatsoever, at law or in equity, known or unknown, suspected or unsuspected, which Pasz or Baumer ever had, or now has against Parrish and/or the Released Parrish Parties, with the exception of the parties' rights and obligations under this Agreement.

8. Upon the execution of this Agreement, Parrish will pay Pasz $9,000 to be paid in twelve installments paid by check made payable to "Pasz Auf Training Films, Inc." and all subsequent checks shall be mailed directly to Pasz at 1010 University

Avenue, #1589, San Diego, CA 92103. The first payment of $2,000 paid with the execution of this agreement, the remaining eleven payments of $636.36 will be mailed month on the first of every month, commencing May 1, 2008 with final payment to be mailed March 1, 2009.

9. If any payment is not received within five business days after its due date, Parrish shall be in breach of this agreement.

10. The parties represent and warrant to and agree with each other as follows:

    a. Each party has received independent legal advice from attorneys of its choice with respect to the advisability of entering into this Agreement and of giving any release by such Agreement.

    b. In connection with the execution of this Agreement or the making of the settlement provided for herein, no party to this Agreement has relied upon any statement, representation or promise of any other party not expressly contained herein.

    c. This Agreement contains the entire agreement of the parties hereto. There are no agreements or understandings between the parties hereto relating to the matters and releases referred to in this Agreement other than as set forth in this Agreement.

    d. All parties hereto and their counsel have made such investigation of the facts pertaining to the releases contained herein as they deem necessary.

    e. The terms of this Agreement are contractual and are the result of negotiation among the parties. Each party has cooperated in the drafting and preparation of this Agreement. This Agreement is the final written expression and the complete and exclusive statement of all of the agreements, conditions, promises,

3

representations and covenants between the parties with respect to the subject matter of this Agreement. This Agreement replaces and supersedes all prior, former or contemporaneous agreements, negotiations, understandings, representations, discussions or warranties between and among the parties, their respective representatives, and any other person or entity, with respect to the subject matter of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any party.

   f.  This Agreement has been carefully read by each of the parties and the contents thereof are known and understood by each of the parties. Each party executing it signs this Agreement freely.

  11.  This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all of the parties to be charged with such modification.

  12.  In the event any provision of this Agreement shall be held to be void, voidable or unenforceable, the remaining provisions shall remain in full force and effect.

  13.  This Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York.

  14.  Each party or attorney whose signature is affixed hereto in a representative capacity represents and warrants that he or she is authorized to execute this Agreement on behalf of and to bind the entity on whose behalf his or her signature is affixed. In the event that there is a breach of any representation or warranty of authority to execute this Agreement, the parties shall indemnify and hold harmless one another

from any and all loss or damage, including reasonable attorneys' fees, incurred as result of the breach of such representation and warranty.

15. This Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument. Facsimile signatures on this Agreement, or any counterpart of this Agreement, shall have the same force and effect as original signatures.

16. All parties hereto agree to pay their own costs and attorneys' fees except that, in the event any action, suit or other proceeding is instituted to remedy, prevent or obtain relief from a breach of this Agreement, arising out of a breach of this Agreement, involving claims within the scope of the releases contained in this Agreement, or pertaining to a declaration of rights under this Agreement, the prevailing party shall recover its reasonable attorneys' fees incurred in each and every such action, suit or other proceeding, including any and all appeals or petitions there from.

17. The parties shall execute and deliver further instruments, documents or papers and shall perform all acts necessary or proper to carry out and effectuate the terms of this Agreement as may be required by the terms of the Agreement or as may be reasonably requested by any party to this Agreement.

**IT IS ORDERED, ADJUDGED AND DECREED that:**

1) This action is dismissed with prejudice, with Pasz and Parrish each bearing their own costs and attorney fees.

2) The Court shall retain continuing jurisdiction over this action for the purpose of enforcing the terms of this Consent Judgment and the Settlement between the parties.

Dated: March _____, 2008

Jennifer Meredith (JM-4816)
Meredith Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Attorneys for Plaintiff
Pasz Auf Training Films, Inc.

Dated: March 10, 2008

Defendant, Manuel Parrish

Dated: March 10, 2008

Ravi Ivan Sharma
404 Park Avenue South
14th Floor
New York, NY 10016
Attorney for Defendant
Manuel Parrish

6

Dated: 4/21/08 , 2008

_____
U.S. DISTRICT COURT JUDGE